[Crim. No. 32349. Second Dist., Div. Three. Jan. 25, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE PATTERSON CROPPER, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender,

Harold E. Shabo and Ellen L. Fondiler, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Shunji Asari, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**COBEY, Acting P. J.**—Appellant, Joe Patterson Cropper, was convicted of selling heroin. (Health & Saf. Code, § 11352.) The trial court subsequently sentenced appellant to state prison for the term prescribed by law. The appeal lies. (Pen. Code, § 1237, subd. 1.)

■ Appellant's sole contention on appeal is that he was deprived of his constitutional right to the effective assistance of counsel when his counsel failed to act as an advocate at the probation and sentence hearing. We agree. Consequently we will vacate appellant's sentence and remand this matter to the superior court for resentencing.

### Facts

After finding that appellant had violated Health and Safety Code section 11352, the trial court granted appellant's request that he be considered for probation, and referred the matter to the probation department. The probation officer's report[1] not only recommended that probation be denied but also indicated that there were four "factors in aggravation" and no "factors in mitigation."

During the probation and sentence hearing the court asked appellant's counsel whether "there [was] anything [counsel would] like to offer" and appellant's counsel responded: "Your honor, I have nothing to offer, my views coinciding with the evaluation of the probation department. The defendant, however, has asked me to ask you for permission for him to tell the things which he feels might affect your judgment." Appellant then explained to the trial court that he had the custody of his children and that he had lost his job after having been convicted but that he could go

---

[1]The record on appeal has been augmented to include the report of the probation officer. (Cal. Rules of Court, rules 12(a) and 33(b)(1), (c).)

back to work.[2] The trial court indicated that it had found the probation "report . . . quite revealing" and concluded that there was no "basis at all" for granting appellant probation. Thereafter appellant explained to the court—again without the assistance of counsel—that the probation report contained false information. The court then denied appellant's request to be placed on probation and sentenced him to state prison for the term prescribed by law.

## DISCUSSION

*Appellant Was Deprived of His Constitutional Right to the Effective Assistance of Counsel at the Probation and Sentence Hearing Because His Counsel Advised the Court That He Agreed With the Probation Officer's Recommendation That Probation Be Denied.*

Appellant contends that by stating to the court, in effect, that he felt that his client should be sentenced to state prison and placing the burden upon appellant to argue for mitigation, trial counsel deprived appellant of the effective assistance of counsel. (U.S. Const., Amends. 6 and 14; *Powell* v. *Alabama* (1932) 287 U.S. 45, 71 [77 L.Ed. 158, 172, 53 S.Ct. 55, 84 A.L.R. 527]; *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487].)

Respondent agrees with appellant's assertion that sentencing is a critical stage during which a criminal defendant is entitled to the assistance of counsel (see *In re Perez* (1966) 65 Cal.2d 224, 229-230 [53 Cal.Rptr. 414, 418 P.2d 6]; *People* v. *Vatelli* (1971) 15 Cal.App.3d 54, 61 [92 Cal.Rptr. 763]), but argues that trial counsel adequately represented appellant during the sentencing proceedings.

Defense counsel is under a duty to be familiar with the sentencing alternatives available to the court,[3] to be certain that the court is aware of such alternatives, to explain fully to his client the consequences of the various dispositions available and to be certain that the sentence is based on complete and accurate information. (*Id.,* at p. 62. See also the ABA Project on Standards for Crim. Justice, Stds. Relating to the Defense Function (Approved Draft, 1971), stds. 8.1(a), (b), which were cited with approval in *United States* v. *Pinkney* (1976) 551 F.2d 1241, 1248 [179 U.S.App.D.C. 282].) The United States Supreme Court

---

[2]Appellant had previously written to the trial court to request that the court either grant him probation or allow him to "serve [his] time . . . on the week-ends" because he had two children solely dependent upon him for support.

[3]While trial counsel's failure to urge the court to consider any alternative disposition renders it impossible to know whether trial counsel was aware of the various alternative

recognizes that a criminal defendant's need for counsel may be greatest at the time of sentencing because the judge then frequently "moves within a large area of discretion" and may want to bring to his aid every consideration that defendant's counsel can appropriately urge.[4] (*Carter.* v. *Illinois* (1946) 329 U.S. 173, 178 [91 L.Ed. 172, 176, 67 S.Ct. 216].) Our Supreme Court also stresses the importance of effective representation at sentencing because there are numerous procedures and defenses of which most defendants probably would not be aware, and certainly would not be competent to present to the court. (*In re Perez, supra,* 65 Cal.2d at pp. 229-230.)

Respondent argues that trial counsel's actions "constituted adequate representation" because "the decision of counsel not to argue at sentencing is not conclusive proof that counsel abandoned his role of advocate," and that it is conceivable that counsel's familiarity with the practices of the trial court caused him to make a tactical decision not to engage in oral argument. Respondent insists that the instant case is analogous to *People* v. *Duran* (1969) 275 Cal.App.2d 35, 37 [74 Cal.Rptr. 459], wherein the court upheld a judgment against a challenge based upon the allegation that defense counsel's statement, "I have read the report and it is an unfortunate situation, but I have nothing to say," constituted inadequacy of counsel. Two significant aspects of this case distinguish it from *Duran.* First, trial counsel herein not only declined to make any argument in favor of appellant during sentencing but also, in effect, argued against appellant by stating that he agreed with the probation report. We cannot conceive of any tactical basis for counsel arguing against his own client. Secondly, the record before the court does not suggest that appellant's counsel "effectively induced the court to sentence [appellant] to a *minimum* sentence . . ." as Duran's counsel had done. (*Ibid.*; italics added.)

■ Respondent seemingly overlooks the well established principle that it is counsel's duty to represent his client zealously within the bounds of the law and to refrain from arguing against his client. (See ABA, Code of Prof. Responsibility, DR 7-101(A)(1) and EC 7-1.) Several courts have discussed a criminal defense counsel's duty to represent his client

---

dispositions, his statements at the hearing suggest that he was not aware that appellant was entitled to receive credit for time served pursuant to Penal Code section 2900.5. Fortunately the trial court was aware of the provisions of that code section.

[4]We note in this regard that prior to sentencing appellant the trial court asked trial counsel whether there was anything he wished to "offer." After counsel indicated that he agreed that probation should be denied, the court stated that there was no "basis at all" for granting probation and that the probation report was "quite revealing."

zealously (see *Anders* v. *California* (1967) 386 U.S. 738, 743, 744 [18 L.Ed.2d 493, 498, 87 S.Ct. 1396]; *People* v. *Lang* (1974) 11 Cal.3d 134, 139 [113 Cal.Rptr. 9, 520 P.2d 393]; *In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969]; *People* v. *Feggans* (1967) 67 Cal.2d 444, 447 [62 Cal.Rptr. 419, 432 P.2d 21]; and *United States* v. *Pinkney, supra,* 551 F.2d at p. 1249] as well as the further duty to refrain from arguing the case *against* his client. (*People* v. *Lang, supra; In re Smith, supra;* and *People* v. *Feggans, supra.*)

While trial counsel may have fulfilled his obligation to appellant prior to the court's finding appellant guilty,[5] his conduct at the probation and sentence hearing suggests that he "unfortunately . . . considers his job completed once he has assisted the defendant through the guilt phase of the proceedings" although "the sentencing stage is the time at which for many defendants the most important service of the entire proceeding can be performed." (ABA Project on Standards for Crim. Justice Stds. Relating to Sentencing Alternatives and Procedures (Approved Draft, 1971) commentary to std. 5.3(a), p. 241, and std. 5.3(e), p. 239.)

■ Finally, respondent contends that the inadequacy of counsel must clearly appear on the record and that "appellant points to no evidence or arguments which could or should have been made on his behalf."[6] We conclude that the record establishes the inadequacy of counsel because counsel in effect argued against his client and that under such circumstances we need not consider whether there was positive evidence which counsel could have presented.

### DISPOSITION

The sentence imposed by the trial court is vacated and the matter is remanded to the trial court only for resentencing. The judgment is otherwise affirmed.

Allport, J., and Potter, J., concurred.

---

[5]The trial court expressly commended trial counsel on his "skill in these matters" prior to stating that appellant "[would] be found guilty as charged." But some of trial counsel's statements during trial suggest that he fulfilled his obligation to his client reluctantly rather than zealously. When appellant returned to court somewhat late after the luncheon recess, counsel requested to be relieved as the attorney of record, explaining "I have made as many dry runs as I want to."

[6]Appellant need not establish that "but for" counsel's inadequacy he inevitably would have achieved a favorable disposition. (*In re Smith, supra,* 3 Cal.3d at p. 202.)