**Robert Scott TINLIN, Appellee,**

v.

**Warden Robert F. PARRATT, Appellant.**

**No. 82–1072.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 19, 1982.

Decided June 11, 1982.

Paul L. Douglas, Atty. Gen., Terry R. Schaaf, Asst. Atty. Gen., argued, Lincoln, Neb., for appellant.

Timothy J. Doyle, argued, Lincoln, Neb., for appellee.

Before McMILLIAN, Circuit Judge, MARKEY,* Judge, and ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

The State of Nebraska appeals the district court's[1] grant of a petition for writ of habeas corpus filed by Robert S. Tinlin. For reversal the state argues that Tinlin was not denied effective assistance of counsel at his state trial. We affirm the decision of the district court for the reasons discussed below.

Tinlin entered pleas of guilty to charges of escape and being an habitual criminal in the District Court of Dawes County, Nebraska, in March 1976. Tinlin was sentenced to a term of imprisonment of not less than fifteen nor more than seventeen years for the two crimes.

Tinlin's conviction on the habitual criminal charge was based on three prior felony convictions. Tinlin was convicted in Texas in 1969 on the charge of burglary with the intent to commit theft. The two other convictions occurred in April 1975 in York County, Nebraska, where Tinlin entered pleas of guilty to burglary and the unlawful possession of a controlled substance.

At the time Tinlin entered his pleas of guilty to the charges against him in York County in 1975 he was represented by counsel. Between the time Tinlin entered his pleas and the time he was sentenced, Tinlin's counsel was appointed to serve as Deputy County Attorney for York County. Because of his new responsibilities, Tinlin's counsel withdrew from his representation of Tinlin. At the time of sentencing, Tinlin appeared without counsel after declining to have counsel appointed for him.

Testimony at the evidentiary hearing in connection with Tinlin's habeas corpus petition was that Tinlin had injected himself with demerol twice on the date of his sentencing, that he had used demerol for several years as a substitute for heroin, and that in the two to three week period prior to his sentencing he had used demerol five or six times per day. Further testimony was that demerol causes an inability to concentrate, lack of attention to surroundings and a loss of memory; that Tinlin's parents died two months prior to his being sentenced; and that Tinlin had no actual memory of the York County sentencing proceedings. Other testimony was that Tinlin did not remember having talked with his counsel after entering his pleas of guilty and that Tinlin's counsel was uncertain as to how his withdrawal as defense counsel was communicated to Tinlin, although he believed a letter was mailed to Tinlin's parents.[2]

Approximately one year after being sentenced in York County, Tinlin faced five felony charges in Dawes County, Nebraska, and other felony charges in surrounding counties. As the result of a plea bargain, Tinlin entered pleas of guilty to the charges of escape and being an habitual criminal in Dawes County. The other charges were dismissed.

Tinlin was represented by three attorneys, each at a different stage of the proceedings. The attorneys, all from the same firm, did not keep accurate records of their preparation; therefore, there is no record of any investigation into the validity of Tinlin's previous sentences. At least one attorney[3] was aware of Tinlin's prior record before the guilty pleas were entered, but the adequacy of counsel at the York County proceedings was never discussed. The attorneys advised Tinlin to accept the plea bargain, which he says he accepted because he was fearful of being sentenced to a substantial period of time in prison.

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Tinlin's counsel's partner ceased practicing law in Nebraska, taking all the case files with him. Tinlin's counsel therefore did not have access to the files in order to refresh his memory regarding the details of his representation.

3. One of the other attorneys is deceased.

Tinlin challenged his conviction as an habitual criminal, filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after having sought post-conviction relief in the Nebraska state courts. The district court granted Tinlin's petition, finding that Tinlin had received ineffective assistance of counsel during the York County proceedings. The state appeals the district court's grant of habeas corpus relief.

█ We hold that the district court was correct in granting Tinlin's petition for relief. The standard for determining whether a petitioner has received ineffective assistance of counsel consists of two parts. First, the petitioner must show that the attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. Second, the action or inaction of the attorney must have materially prejudiced the petitioner's defense. *Parton v. Wyrick*, 614 F.2d 154, *cert. denied*, 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 50 (1980); *Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978).

█ The state correctly argues, and the district court court so notes, that in connection with this test Tinlin has the burden of overcoming the presumption that his trial counsel was competent. *Catches v. United States*, 582 F.2d 453, 457 (8th Cir. 1978); *Thomas v. Wyrick*, 535 F.2d 407 (8th Cir.), *cert. denied*, 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). This presumption is overcome when the petitioner proves that (1) the defense counsel failed to perform an essential duty owed to the petitioner, and (2) the failure prejudiced the defense. *Du-Pree v. United States*, 606 F.2d 829, 830–31 (8th Cir. 1979) (per curiam), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980). Tinlin has satisfied both parts of the standard, as the district court found.

█ Expert testimony at Tinlin's evidentiary hearing helped to establish standard of competence for defense attorneys in this situation. Richard L. Goos of the Lancaster County (Nebraska) Public Defender's Office testified that the failure of the defense attorney to investigate the validity of the underlying felonies before allowing a defendant to plead guilty to the charge of being an habitual criminal would constitute incompetence. This essential duty would encompass testing the validity of the sentences imposed for those felonies. The habitual criminal statute, Neb.Rev. Stat. § 29–2221 (Reissue 1979), states that the defendant must have been convicted of a felony and have been sentenced and committed to prison for not less than one year for each of two crimes. Afterwards, upon conviction of a felony committed in Nebraska, the defendant is considered an habitual criminal and can be sentenced accordingly. As the district court noted, competent counsel would investigate the validity of the conviction, the sentence and the commitment for each crime, given that each element is required before the defendant can be convicted under § 29–2221.

The state argues that Tinlin was not prejudiced by his counsel's failure to discover that Tinlin was not represented by counsel at his York County sentencing proceedings. The state reasons that counsel might nonetheless have advised Tinlin to plead guilty in Dawes County because (1) there were other charges outstanding against Tinlin and (2) it would have been difficult to prove that Tinlin did not waive his right to counsel at the sentencing proceedings.

Failure to investigate adequately before allowing a defendant to plead guilty can result in material prejudice to the defendant and give rise to a successful charge of ineffective assistance of counsel. *See Hawkman v. Parratt*, 661 F.2d 1161 (8th Cir. 1981); *Ford v. Parratt*, 638 F.2d 1115 (8th Cir. 1981), *vacated on other grounds*, 454 U.S. 934, 102 S.Ct. 467, 70 L.Ed.2d 242 (1981). Had an investigation led to the finding that the York County sentences were invalid, there would have been no basis for the habitual criminal conviction in Dawes County. In addition, had Tinlin been made aware of the potential defect in the sentencing proceedings, he could have made a more informed decision with regard to the plea bargain in Dawes County. *See Hawkman v. Parratt*, 661 F.2d at 1170.

Accordingly, we affirm on the basis of the opinion of the district court.[4] *See* 8th Cir. R. 14.

---

**4.** By virtue of this affirmance, Tinlin shall be placed in the same position as he was before he entered his plea of guilty in Dawes County, that is, not only the present charge under the habitual criminal statute, Neb.Rev.Stat. § 29–2221, but also all other charges that were dismissed in exchange for the Dawes County plea bargain are reinstated.