867 P.2d 241

**Scott Trent SHOCKEY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19894.**

Court of Appeals of Idaho.

Sept. 30, 1993.

Rehearing Denied Dec. 28, 1993.

David Lee Posey, Payette, for appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., for respondent. Thomas P. Watkins, argued.

SWANSTROM, Judge Pro Tem.

In this appeal from the denial of his petition for post-conviction relief, Scott Shockey raises only one issue. He contests the district court's findings that he was adequately represented and not prejudiced by his former counsel's performance at sentencing. We fail to find any prejudice attributable to defense counsel, and therefore, affirm the district court's order denying post-conviction relief.

In 1986, Shockey was sentenced to an indeterminate twenty-five years after pleading guilty to rape, in exchange for the dismissal of kidnapping and aggravated assault charges. Shockey's version of the offense, as well as the victim's statement, was contained in the presentence investigation report which was before the court at sentencing. However, the court was not apprised of Shockey's rebuttal to the victim's statement, either by defense counsel, who had been provided with Shockey's list of disputed points in the pre-

sentence investigation report, or by Shockey when he addressed the court.

In April, 1991, Shockey filed a petition for post-conviction relief, raising several claims, but, at the evidentiary hearing on the petition, withdrew all except the ineffective assistance claim. The hearing was conducted by a judge who was not the sentencing judge. Shockey alleged that defense counsel's failure to present his rebuttal to the victim's statement impaired his right to the effective assistance of counsel and contributed adversely to the court's determination of an appropriate sentence in his case. He did not assert that his plea was in any way undermined by counsel's ineffective assistance, but asked for post-conviction relief in the form of a resentencing. The district court denied the requested relief in a written order with findings of fact and conclusions. This appeal followed.

The district court determined that counsel's decision at the sentencing hearing not to specify all of Shockey's disagreements with the victim's statement was a strategic or tactical decision. The court then found that Shockey had failed to prove by a preponderance of the evidence that counsel's decision was based on inadequate preparation, ignorance of the law or other shortcomings capable of objective evaluation. The court also found that counsel's representation was not proven to be inadequate, and that the imposition of a lesser sentence was unlikely, even if counsel had presented all of Shockey's disagreements with the victim's statement.

■ We review the district court's decision on the post-conviction petition for competent and substantial evidence to support the court's findings and will not disturb the findings unless they are clearly erroneous. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). On a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The proper measure of attorney performance is whether counsel's representation fell below an objective standard of reasonableness, considering all the circumstances. *Strickland*, at 688, 104 S.Ct. at 2064–65.

■ At the evidentiary hearing on the post-conviction petition, defense counsel explained why he did not present all of the factual discrepancies in the victim's statement, which he had advised the court he would discuss in his argument. He characterized the discrepancies which were noted in Shockey's handwritten list (admitted as Exhibit 3) as Shockey's "versions, not facts— just contentions each party makes," and he insisted that he "would not argue those items even now." Counsel further testified that through his efforts, Shockey received a favorable plea bargain and sentence.

The defense function at sentencing has been defined, in part, as follows:

> Defense counsel should present to the court any ground which will assist in reaching a proper disposition favorable to the accused. If a presentence report or summary is made available to the defense lawyer, he should seek to verify the information contained in it and should be prepared to supplement or challenge it if necessary.

ABA STANDARDS, THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION § 8.1 (Approved Draft, 1971).

The only rebuttal to the presentence investigation report in Shockey's case was his counsel's statement that Shockey and the victim were not strangers, having met and danced together the night of the incident and one week earlier. Shockey's denials that he had engaged in forcible sexual penetration with a tire iron and had inserted his fist into her vagina, that he had choked her more than one time, or that he had threatened to kill her were never put before the court at sentencing. Because sentences should not be based upon misinformation, a defendant should not be denied an opportunity to state his version of the relevant facts. *United States v. Needles*, 472 F.2d 652, 658 (2d Cir.1973).

■ There is a strong presumption that counsel was competent, but the presumption

can be overcome by identification of acts or omissions of counsel that were "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. This presumption is also overcome when the petitioner proves that the defense counsel failed to perform an essential duty owed to the petitioner and the failure prejudiced the defense. *Tinlin v. Parratt*, 680 F.2d 48, 50 (8th Cir.1982), *citing DuPree v. United States*, 606 F.2d 829, 830–31 (8th Cir.1979), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980). We disagree with the district court that counsel's performance was not shown to be objectively unreasonable. We believe that it was important for the court to hear Shockey's more complete version of the events vis-a-vis the victim's statement containing details he had not yet been able to dispute. *See People v. Cropper*, 89 Cal.App.3d 716, 152 Cal.Rptr. 555 (2d Dist.1979) (competent counsel would be certain that the sentence was based on complete and accurate information).

Defense counsel's testimony that these denials were immaterial after Shockey had pled guilty to rape disregards that a sentencing court is entitled to consider a wide range of information, including the victim's statement and defendant's rebuttal before imposing sentence. Therefore, we hold that counsel's failure to rebut the victim's statement by pointing out the discrepancies according to Shockey constitutes ineffective assistance.

█ We next analyze whether Shockey established the prejudice resulting from counsel's deficient performance as required under *Strickland, supra.* To show prejudice, the petition must prove the scope and weight of the evidence that his counsel failed to offer. *Stokes v. Armontrout*, 851 F.2d 1085, 1095 (8th Cir.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1988). The value of this unoffered testimony must be substantial to prove prejudice. *Id.*

Shockey asserts that letting the presentence investigation report stand uncontroverted caused the district court to rely primarily on the victim's version of the rape in fashioning the sentence. Indeed, Shockey argues, in support of his position, that the court made specific findings that he "raped the victim with a tire iron" and that he intended to kill the victim. These were not, however, findings of the district court. Rather, the district court was reading into the record the victim's statement that Shockey had "raped her with a tire iron." The court then reached the conclusion that a killing might have occurred, but for the fact that workers of the lumber mill near the scene of the rape began showing up for work at six o'clock in the morning.

In addressing Shockey at sentencing, the district court stated that the two versions of the incident did not vary in great detail. The court considered that Shockey had admitted, at his plea allocution and in the presentence investigation report, to striking the victim with a tire iron and to choking her by tying one of his socks tight around her neck. The court also considered the role of alcohol and drugs which contributed to Shockey's utter lack of control in perpetrating this violent rape. Under the circumstances, a sentence of an indeterminate twenty-five years was within the maximum sentence prescribed for the crime of rape and otherwise within the sentencing discretion of the district court. We conclude that Shockey's sentence was not a consequence of counsel's deficient performance at sentencing. Accordingly, no resentencing need be accorded Shockey.

In conclusion, we hold that the district court's finding of adequate representation of Shockey by defense counsel at sentencing was clearly erroneous. I.R.C.P. 52(a). However, we uphold the finding of no prejudice and, accordingly, affirm the district court's denial of post-conviction relief on the ineffectiveness claim.

WALTERS, C.J., and SILAK, Acting J., concur.