APPEL, Justice
(concurring specially).
I concur with the opinion of the court in all respects. I write separately to emphasize two points.
First, the court’s opinion properly recognizes the relationship between ethical rules and ineffective-assistance-of-counsel claims under the Sixth Amendment of the United States Constitution and the independent provision of article I, section 10 of the Iowa Constitution. The relationship between ethical rules and ineffective assistance has been long recognized by caselaw. The Supreme Court of the United States recognized this in Strickland, and we recognized it in Vance. See Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674, 693-94 (1984); State v. Vance, 790 N.W.2d 775, 785-86 (Iowa 2010); see also Wheat v. United States, 486 U.S. 153, 160, 108 S.Ct. 1692, 1697-98, 100 L.Ed.2d 140, 149 (1988) (citing provisions of the ABA Model Code of Professional Responsibility and the Rules of Professional Conduct of the State Bar of California regarding multiple representation in analyzing an ineffective assistance claim); People v. Cropper, 89 Cal.App.3d 716, 152 Cal.Rptr. 555, 556-57 (1979) (citing ABA ethical considerations and disciplinary rules related to zealous representation in an ineffectiveness case); People v. DeFreitas, 213 A.D.2d 96, 630 N.Y.S.2d 755, 759 (1995) (“In weighing constitutional claims of ineffective assistance of counsel in criminal cases, the courts have considered and have invoked ethical standards, recognizing that fidelity to those standards implicates not only the interests of the defendants, but the credibility of the system, its integrity, and the institutional interests in the rendition of just verdicts.”). Thus, the use of ethical standards to illuminate whether a lawyer has provided ineffective assistance is not novel or overreaching, but well established.
No one, of course, argues that a violation of an ethical rule always means that a lawyer has provided ineffective assistance. Nor does lack of an ethical violation always mean that ineffective assistance has not occurred. The point is, however, that professional norms may well illuminate the question of whether a lawyer has provided ineffective assistance. See Roe v. Flores-Ortega, 528 U.S. 470, 479, 120 S.Ct. 1029, 1035-36, 145 L.Ed.2d 985, 996 (2000); see also Jenny Roberts, Ignorance is Effec *503 tively Bliss: Collateral Consequences, Silence, and Misinformation in the Guilty-Plea Process, 95 Iowa L.Rev. 119, 161 (2009) (“Although professional standards on their own may not adequately affect defense-counsel behavior, such standards are also woven into the constitutional landscape.”); Erin N. Rieger, Note, The Role of Professional Responsibility in the Ineffective Assistance of Counsel Claim in Roe v. Flores-Ortega, 29 N. Ky. L.Rev. 397, 405 (2002) (arguing for the incorporation of the ABA’s professional responsibility standards in judging the reasonableness of counsel’s conduct).
Second, as noted in the comments to section 4-1.2 of the ABA Standards for Criminal Justice: Prosecution Function and Defense Function, a lawyer’s knowledge must be “up-to-date.” ABA Standards for Criminal Justice: Prosecution Function and Defense Function 4-1.2 cmt., at 123 (3d ed.1993). While we give substantial deference to a lawyer’s reasoned legal strategy, ignorance of important legal developments is not legal strategy entitled to deference but may be a precursor of ineffective assistance. It is not too much, for instance, to expect that a lawyer be aware of legal developments that dramatically undermine existing case law. We, of course, do not expect lawyers to be clairvoyant with respect to how each and every case pending before the United States Supreme Court, or before this court, will be decided, but we do expect them to be informed of important legal developments and make reasonable judgments based on that knowledge.
In Vance, a few clicks of the mouse would have revealed that the holding in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), was discredited, that the United States Supreme Court had granted certiorari to review its ongoing vitality, and that its validity was in substantial doubt. See Vance, 790 N.W.2d at 787-89. Yet, we properly could not find on the existing record that counsel was ineffective because we did not know whether counsel’s failure to object was based upon a reasonable judgment that the evidence could have been admitted on another theory. Id. at 790.
I recognize that a criminal defense lawyer has a challenging assignment. Clients are as difficult as the situations in which they find themselves. The law can be complex. As in all human endeavors, no court can demand perfection. But we must require what the Iowa Constitution as well as the United States Constitution demands, namely, that a defendant be represented by a zealous, well-informed advocate who makes reasoned arguments and judgments based on up-to-date knowledge on behalf of his client. In this case, however, we cannot make the proper determination on the existing record, and as a result, I concur with the majority’s disposition of the case.
MANSFIELD, J.
(concurring specially).
I agree that Clay’s convictions should be affirmed and that his ineffective-assistance-of-counsel claims should be preserved. However, I specially concur to express two concerns with the majority opinion. One relates to the interplay between ethical rules and ineffective assistance of counsel; the other to whether the prejudicial effect of separate errors by counsel can be accumulated for ineffective-assistance purposes.
In State v. Vance, this court seemingly linked the test for whether an attorney has provided ineffective assistance, thereby allowing the court to forgive a failure to preserve error, to the ethical standard for competence set forth in the Iowa Rules of Professional Conduct. 790 N.W.2d 775, 785-86 (Iowa 2010). The court quoted rule *504 32:1.1 as well as an official comment and a commentary on that rule before stating, “We will use these principles to determine if Vance’s trial counsel failed to perform an essential duty.” Id. at 786. The court then embarked on a lengthy but ultimately inconclusive discussion of whether it would be ineffective assistance for counsel to fail to advance an argument under the Iowa Constitution that was foreclosed by a binding precedent of this court. Id. at 789-90.
In the present opinion, my colleagues reiterate some of the court’s language from Vance.
I think a fair assessment of our recent precedents is that they recognize a rather broad concept of what constitutes a failure to perform an essential duty for ineffective-assistance-of-counsel purposes. See, e.g., Ennenga v. State, 812 N.W.2d 696, 702 n. 5 (Iowa 2012); Everett v. State, 789 N.W.2d 151, 159 (Iowa 2010). It seems to me unwise and unfair, therefore, to suggest that a criminal defense attorney who “fails to perform an essential duty” under one of our precedents has committed a violation of rule 82:1:1.
My second area of concern has to do with the majority’s imposition of a requirement that cumulative prejudice be considered. The majority says, “We adopted this rule in Schrier v. State, 347 N.W.2d 657, 668 (Iowa 1984).” I think this is an overstatement. Schrier did raise multiple claims of ineffective assistance, which we analyzed one by one. Id. at 660-67. We then said at the end of our opinion:
We have considered all issues and claims presented on appeal and can find no basis for reversing the judgment of the postconviction court denying relief to petitioner. In making this determination, we have reviewed the effect of the various claims both individually and cumulatively and find that it has not been established that petitioner was denied a fair trial. The judgment of the district court is affirmed.
Id. at 667-68. Respectfully, I believe it reads far too much into the brief statement — “we have reviewed the effect of the various claims individually and cumulatively” — to conclude it announces a “rule” that such claims should be analyzed cumulatively. There is no indication the issue was even raised in Schrier.[3]
Although my colleagues appear to be following the majority rule, the question has divided other courts. See Evans v. Sec’y, Fla. Dep’t of Corr., 699 F.3d 1249, 1269 (11th Cir.2012) (stating that the prejudice inquiry “should be a cumulative one”); Hooks v. Workman, 689 F.3d 1148, 1188 (10th Cir.2012) (applying a cumulative prejudice approach); Moore v. Sec’y Pa. Dep’t of Corr., 457 Fed.Appx. 170, 181 (3d Cir.2012) (“Under Strickland ⅛ clear mandate, the prejudice of these errors is assessed cumulatively.”); Dugas v. Coplan, 428 F.3d 317, 335 (1st Cir.2005) (stating that Strickland “clearly allows the court to consider the cumulative effect of counsel’s errors in determining whether a defendant was prejudiced” (quoting Kubat v. Thieret, 867 F.2d 351, 370 (7th Cir.1989))); Gersten v. Senkowski, 426 F.3d 588, 611 (2d Cir. 2005) (“In evaluating prejudice, we look to the cumulative effect of all of counsel’s unprofessional errors.”); Mackey v. Russell, 148 Fed.Appx. 355, 365 (6th Cir.2005) *505 (“[T]he Strickland test requires that prejudice be evaluated in light of the cumulative effect of all constitutionally infirm actions by counsel.”); Pizzuto v. Arave, 385 F.3d 1247, 1260 (9th Cir.2004) (“[Ijndividual deficiencies in representation which may not by themselves meet the Strickland standard may, when considered cumulatively, constitute sufficient prejudice to justify issuing the writ.”); Hough v. Anderson, 272 F.3d 878, 891 n. 3 (7th Cir.2001) (stating that “prejudice may be based on the cumulative effect of multiple errors”). But see Kennedy v. Kemna, 666 F.3d 472, 485 (8th Cir.2012) (stating that there is no cumulation of prejudice in the Eighth Circuit); Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir.1998) (“[I]t has long been the practice of this Court individually to assess claims under [Strickland ].”); Westley v. Johnson, 83 F.3d 714, 726 (5th Cir.1996) (noting that “[mjeritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised”).
I would defer resolution of this question to a case where it has actually been briefed and argued to us. In any event, as I read the majority opinion, it does not decide the question whether Strickland prejudice can be tallied across proceedings. For example, if a defendant files an application for postconviction relief alleging ineffective assistance of counsel, we are not deciding that the prejudicial effect of any errors alleged therein must be added to the prejudicial effect of any errors that were rejected in an earlier proceeding, such as a direct appeal, on the ground that their cumulative effect was insufficiently prejudicial.
WATERMAN, J., joins this special concurrence.

. The majority’s two "see also” citations do not establish or even discuss such a "rule,” either. Bowman v. State was based on one ineffective-assistance-of-counsel-claim — i.e., "failure of ... defense counsel to object to the prosecutor’s questions asking Bowman whether the State’s witnesses fabricated their testimony at trial.” 710 N.W.2d 200, 203 (Iowa 2006). We similarly analyzed State v. Graves as involving a single ineffective-assistance claim. 668 N.W.2d 860, 881 (Iowa 2003).