Filed 10/9/14  P. v. Reyes CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064807 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD242302) |
| SHANE M. REYES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for the Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette and Julie L. Garland, Assistant Attorneys General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for the Plaintiff and Respondent.

The trial court revoked Shane M. Reyes's probation and sentenced him to the upper term of four years in state prison for inflicting corporal injury on a cohabitant.

(Pen. Code,[1] § 273.5, subd. (a).)  It awarded him 256 days of actual credits, with zero section 4019 credits.  It also imposed the probation revocation fine of $240 that had been previously stayed under section 1202.44, and a parole revocation fine under section 1202.45, which had been stayed unless parole was revoked.

Reyes contends: (1) the trial court erred when it revoked his probation and sentenced him to prison; (2) the court either misunderstood or abused its discretion in sentencing him to prison instead of placing him back on probation; (3) he is entitled to reinstatement of his pre-sentence custody credits because he did not make a knowing and intelligent waiver of those credits; and (4) the probation revocation restitution fine imposed under section 1202.44 should be reversed.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

*Underlying Incident*

Reyes and M.K. began dating in January 2011.  They later lived in a tent under a bridge in San Diego.  On July 26, 2012, Reyes and M.K. drank alcohol and rode their bicycles to their tent.  They argued and Reyes punched M.K., causing her to collapse on the street.  Reyes fled the scene.  San Diego Police Officers found M.K. unconscious at the scene.  M.K. suffered a broken nose and jaw, and had two teeth removed.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The facts are taken from the People's trial brief.

2

*Plea Agreement and Subsequent Proceedings*

In November 2012, Reyes pleaded guilty to inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)) and admitted one great bodily injury enhancement (§ 1192.7, subd. (c)(8)). In exchange, the People dismissed a count charging Reyes with assaulting M.K. (§ 245, subd. (a)(4).)

In December 2012, the court stayed imposition of sentence and granted Reyes three years probation on various conditions, including that he participate in a 52-week domestic violence program and refrain from knowingly contacting M.K. or attempting to contact, annoy, or molest her either directly or indirectly.

In April 2013, the court formally revoked Reyes's probation after he failed to enroll in a domestic violence program. It reinstated probation after Reyes waived good conduct credits. The court had explained to Reyes: "I want you to waive your good time credits. I'm going to take 160 days away from you. Do you understand that?" Reyes's counsel responded, "My client would be willing to waive those credits, your honor." When the court asked Reyes if he understood that he would not get the credits back, Reyes responded, "Yes, your honor." The minute order of the proceedings states: "Defendant waives past/present/future [section] 4019 credits while on probation." Defense counsel's sentencing memorandum states Reyes had "waived all past, present, and future [section] 4019 credits at the hearing on April 30, 2013."

At the conclusion of the hearing, the court told Reyes, "I want you to get in connection with probation and get the information you need to get back into this . . . [domestic violence] program. I'll recommend an indigent slot for you, as well. And I

3

want to set a 60-day review to make sure you're in that program. Do you understand?" Reyes responded, "Absolutely. Thank you, your honor." The clerk announced that the review hearing would be held on July 1, 2013, at 9:00 a.m. in department 12. On that scheduled day, Reyes failed to appear at the hearing and the court revoked his probation.

In September 2013, an investigator from the San Diego Public Defender's office interviewed Reyes's probation officer, who said he had provided Reyes a six-page list of domestic violence programs and referrals for an assessment test and a community resource program that helps probationers fulfill their probation conditions. The probation officer also informed Reyes of domestic violence programs that work with indigent probationers and offer three months of free classes.

The court held an evidentiary hearing on allegations that Reyes had violated probation a second time by maintaining contact with M.K. and failing to appear at the 60-day review hearing or enroll in a domestic violence program. Two San Diego Police Department officers testified Reyes continued to maintain contact with M.K. despite the stay away order. Detective Andrea Wood testified Reyes and M.K. lived with each other for a month or two around mid-February 2013. Further, Reyes told Detective Wood that M.K. had been staying with him at his tent in June 2013. Officer Evan Young testified he saw Reyes and M.K. appearing to loiter on the street. They seemed to communicate with each other while they were within ten yards of each other. When Officer Young attempted to contact them, they tried to get away on their bicycles. Officer Young checked their records and learned that Reyes was prohibited from contacting M.K. Therefore, police arrested Reyes for violating a temporary restraining order.

4

The court revoked Reyes's probation on grounds he had contacted M.K. and failed to appear at a review hearing or enroll in a domestic violence program. It told Reyes: "The bottom line to it, you are here for sentencing after revocation. And you have been then given every break by the system. You got a local custody sentence when you could have gone to prison back when you initially entered a plea in front of Judge Rogers. He put you on probation, gave you terms and conditions to comply with. You haven't done that." Reyes asked the court to grant him probation again: "Can you give me another chance and I will prove you wrong, your honor?" The court responded: "The answer to that is no. Probation is a gift from the court. There is no constitutional right to probation to begin with." At sentencing, Reyes objected to the court's decision to deny him section 4019 custody credits. The court referred Reyes to the case of *People v. Johnson* (2002) 28 Cal.4th 1050.[3]

## DISCUSSION

### I. *Probation Revocation*

A. *Trial Court Did Not Err In Revoking Probation*

Reyes contends the trial court erred when it revoked his probation for contacting M.K. and failing to appear at a review hearing or enroll in a domestic violence program. He claims he did not willfully violate any of these probation terms. Specifically, he

---

[3]     *Johnson* holds that a defendant may expressly waive entitlement to credits for past and future days in custody against an ultimate prison sentence, provided the waiver is knowing and intelligent. (*People v. Johnson*, *supra*, 28 Cal.4th at pp. 1054-1055.)

argues merely being at a location where M.K. was present did not constitute a willful violation.

"The fundamental role and responsibility of the hearing judge in a revocation proceeding is not to determine whether the probationer is guilty or innocent of a crime, but whether a violation of the terms of probation has occurred and, if so, whether it would be appropriate to allow the probationer to continue to retain his conditional liberty." (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 348.)  The facts supporting revocation of probation may be proven by a preponderance of the evidence.  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 447.)  A court may revoke probation if it has reason to believe the defendant has violated any of the conditions of his probation.  (§ 1203.2, subd. (a); *People v. Galvan* (2007) 155 Cal.App.4th 978, 981.)  The evidence must support a conclusion that the probationer's conduct constituted a willful violation of the terms and conditions of probation.  (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.) "Where a probationer is unable to comply with a probation condition because of circumstances beyond his or her control and defendant's conduct was not contumacious, revoking probation and imposing a prison term are reversible error."  (*Ibid*.)  A trial court's decision to revoke probation is reviewed for abuse of discretion.  (*People v. Kelly* (2007) 154 Cal.App.4th 961, 965.)

Here, Reyes violated probation by contacting M.K.  As stated, two police officers testified regarding continued contact between Reyes and M.K. in February and June 2013.  Additionally, the fact Officer Young arrested Reyes for violating a restraining order shows that he believed Reyes was violating a temporary restraining order that he

6

not contact M.K.  Having concluded the evidence supports the trial court's decision to revoke probation on this ground, we need not address Reyes's challenge to the court's other grounds for revoking probation.

B.  *Trial Court Did Not Misunderstand Or Abuse Its Discretion*

Reyes contends the court abused or was unaware of its discretion when it sentenced him to prison instead of reinstating and modifying his probation and imposing further local custody.  He maintains the court had discretion to impose further local custody.

When a court initially suspends imposition of sentence and places a defendant on probation, but later revokes probation and imposes sentence, "two separate and distinct decisions are involved in its sentencing choice:  (1) [t]o revoke probation; and (2) to sentence to state prison rather than place the defendant on probation on new or modified conditions."  (*People v. Cotton* (1991) 230 Cal.App.3d 1072, 1080-1081.)  "Once a probation violation occurs, the trial court has broad discretion in deciding whether to continue or revoke probation.  [Citation.]  However, due process principles require the trial court to articulate sufficient reasons supporting its revocation of probation."  (*People v. Jones* (1990) 224 Cal.App.3d 1309, 1315.)

Sentencing decisions of the trial court are reviewed under the abuse of discretion standard.  (*People v. Giminez* (1975) 14 Cal.3d 68, 72.)  In the sentencing context, the trial court abuses its discretion when its sentencing choice " ' "exceeds the bounds of reason." ' "  (*People v. Trausch* (1995) 36 Cal.App.4th 1239, 1247.)  We assume trial judges are aware of the law and particularly their sentencing choices.  (See Evid. Code,

7

§ 664; *Thomas v. Thames* (1997) 57 Cal.App.4th 1296, 1308 [it is presumed that the trial court knows and applies the correct statutory and case law].)

We reject Reyes's contention the court misunderstood its discretion when it sentenced him to prison instead of reinstating him on probation and imposing further local custody. He relies on the court's comment: "We put people on probation to give them a chance to comply. If they don't comply with the terms and conditions of probation and they have used up their local custody credits, which you have, then you go to prison." But the court previously recognized that Reyes had been given "every break by the system," including a prior reinstatement of probation. The court did not misunderstand its sentencing discretion; rather, it exercised its wide discretion to find probation was no longer justified due to Reyes's repeated failures to comply with the terms and conditions of his probation. We discern no abuse of discretion.

## II. *Knowing and Intelligent Waiver*

Reyes contends he is entitled to reinstatement of his pre-sentence custody credits because he did not make a knowing and intelligent waiver of these credits. He asserts his waiver applied only to past custody credits, and the trial court did not clearly advise him he would also waive future custody credits.

### A. *Applicable Law*

To determine whether a waiver is knowing and intelligent, our inquiry should begin and end with whether the defendant understood he was giving up custody credits to which he was otherwise entitled. (*People v. Jeffrey* (2004) 33 Cal.4th 312, 320.) While the better practice is for sentencing courts to expressly admonish defendants who waive

8

custody credits that such waivers will apply to any future prison term should probation ultimately be revoked and a state prison sentence imposed, a sentencing court's failure to include such an explicit advisement will not invalidate an otherwise knowing and intelligent waiver. (*People v. Arnold* (2004) 33 Cal.4th 294, 309.)

B. *Analysis*

As noted, the court reinstated probation on the condition Reyes waive good conduct credits, which he agreed to do. Despite Reyes's contention he only agreed to forfeit credits already accrued, the court's minute order includes an acknowledgment of the waiver's full consequences. Further, defense counsel's sentencing memorandum confirms Reyes's understanding that the waiver also applied to future custody credits. Finally, the court's reference to the *Johnson* case at sentencing indicated that it understood Reyes had waived the section 4019 credits. (*People v. Johnson*, *supra*, 28 Cal.4th 1050.) Under these circumstances the court did not err in finding Reyes had made a knowing and intelligent waiver of his future section 4019 conduct credits.

III. *Probation Revocation Fine*

Reyes argues that because the court had erred in revoking and terminating probation and imposing a prison term, the trial court's decision to lift the $240 probation revocation restitution fine under section 1202.44 and impose a parole revocation fine should be reversed. We disagree. "Under section 1202.45, a trial court has *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the 'sentence includes a period of parole.' " (*People v. Smith* (2001) 24 Cal.4th 849, 853.) Imposing and staying a probation revocation restitution fine is mandatory when a sentence includes

9

a period of probation.  Vacating the stay is mandatory upon revocation of probation with a state prison sentence.  (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2.) The court did not err.

## DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


HALLER, Acting P. J.


IRION, J.