Filed 3/21/16  P. v. Zambrano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO ZAMBRANO,<br><br>    Defendant and Appellant. | H042492<br>(Santa Clara County<br>Super. Ct. Nos. F1554733, F1554552) |
| In re ANTONIO ZAMBRANO,<br><br>    on Habeas Corpus. | H042382 |

Defendant Antonio Zambrano pleaded no contest in two separate cases to several felony and misdemeanor counts, including second degree burglary and vehicle theft with a prior conviction.  Zambrano admitted to three prior convictions in each case.  He was sentenced on June 1, 2015 to a total term of four years four months, the last two years of which the court suspended imposition of sentence and ordered supervised probation.  Among the conditions of probation, the trial court recommended that Zambrano's driver's license be revoked pursuant to Vehicle Code section 13357.  Zambrano filed a timely notice of appeal and requested a certificate of probable cause challenging the license revocation, which the trial court granted.

We appointed counsel to represent Zambrano in this court.  Counsel has filed a brief stating the case and the facts, but raising no specific issues.  We notified Zambrano

of his right to submit written argument in his behalf within 30 days. The 30-day period elapsed without a response from Zambrano. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and have concluded there is no arguable issue on appeal.

Concurrent with his brief on appeal, Zambrano has filed a petition for writ of habeas corpus, which we have ordered considered with the appeal. In his writ petition, Zambrano contends that he was deprived of effective assistance of counsel when his attorney failed to object at the sentencing hearing to the recommended revocation of his driver's license. For the reasons expressed herein, we deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2015, the Santa Clara County District Attorney filed a criminal complaint (case No. F1554552) alleging that between January 5 and 6, 2015 and between January 13 and 14, 2015, Zambrano burglarized the Outback Equipment Company in Gilroy. The complaint further alleged that on February 24, 2015, Zambrano bought, received, concealed, or withheld from its owner certain property valued at less than $950, and that he was found in possession of methamphetamine and an opium pipe. The complaint also alleged that Zambrano had three prior felony convictions under Penal Code section 667.5, subdivision (b). The district attorney charged defendant in case No. F1554552 with five counts: second degree burglary (Pen. Code, §§ 459, 460, subd. (b); counts 1 & 2) (both felonies); buying, receiving, concealing or withholding stolen property (*id.*, § 496, subd. (a); count 3) (a misdemeanor); possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 4) (a misdemeanor); and possession of controlled substance paraphernalia (*id.*, § 11364; count 5) (a misdemeanor).

On March 16, 2015, the district attorney filed a separate complaint (case No. F1554733) alleging that on February 18, 2015, Zambrano burglarized the transportation yard of the Gilroy Unified School District, stole a Dodge van belonging to

2

the district, tampered with the vehicle, and committed petty theft and vandalism of school district property. The complaint also alleged that Zambrano had three prior felony convictions under Penal Code section 667.5, subdivision (b). The district attorney charged defendant in case No. F1554733 with five counts: second degree burglary (Pen. Code, §§ 459, 460, subd. (b); count 1) (a felony); vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a), Pen. Code, § 666.5; count 2) (a felony); tampering with a vehicle (Veh. Code, § 10852; count 3) (a misdemeanor); petty theft (Pen. Code, §§ 484, 488; count 4) (a misdemeanor); and vandalism (*id*., § 594, subds. (a), (b)(2)(A); count 5) (a misdemeanor).

On April 23, 2015, Zambrano pleaded no contest in case No. F1554552 to second degree burglary (count 1), possession of methamphetamine (count 4), possession of paraphernalia (count 5), and admitted to three prior convictions. In case No. F1554733, Zambrano pleaded no contest to second degree burglary (count 1), vehicle theft with a prior conviction (count 2), and admitted to three prior convictions. The plea form in both cases contained the following advisement: "32. I understand if I committed a crime with an automobile . . . my privilege to drive a motor vehicle may be revoked or suspended by the Court or the California Department of Motor Vehicles (DMV) and my vehicle may be ordered forfeited (taken away) if it was involved in the crime. I may lose my license and the car that was involved." Zambrano initialed paragraph 32 in case No. F1554733. He did not initial paragraph 32 in case No. F1554552. The judge at the plea hearing asked if Zambrano had gone over the plea forms carefully with his attorney, and Zambrano responded, "Yes, I did." The judge asked if Zambrano had any questions, and Zambrano said he did not.

Zambrano was sentenced on June 1, 2015, to a total term in county jail of two years eight months in case No. F1554733, with punishment stricken for the three prison priors, and to one year eight months in case No. F1554552, consecutive to the first, which included a term for one of the three prison priors. The trial court suspended imposition of

3

the concluding year of each sentence and ordered Zambrano released on mandatory supervision for that portion of each term. The trial court listed among the conditions of Zambrano's probation that it would recommend revocation of Zambrano's license to the DMV. Neither Zambrano nor his attorney objected to the license revocation at sentencing.

## II. DISCUSSION

### A. APPEAL

Zambrano timely filed a notice of appeal on June 12, 2015. Zambrano also requested a certificate of probable cause on June 17, 2015, challenging his driver's license revocation, which the trial court granted. Zambrano's appointed counsel has filed an opening brief which raises no specific issues and asks this court for an independent review of the record as required by *People v. Wende*, *supra*, 25 Cal.3d at page 441. We notified Zambrano of his right to submit written argument within 30 days and received no submission. We have carefully reviewed the entire record and conclude there is no arguable issue on appeal. (*Id.* at pp. 441-443; *People v. Kelly*, *supra*, 40 Cal.4th 106.) We nonetheless address Zambrano's certificate of probable cause insofar as it indicates at least one claim that Zambrano wished to raise on direct appeal and is helpful to our discussion that follows on the habeas petition. (See *People v. Kelly*, *supra*, at pp. 110, 124 [*Wende* opinion should include any information from the record that might be relevant in further challenges to the judgment or helpful in subsequent habeas proceeding].)

In his certificate of probable cause, Zambrano seeks to appeal the revocation of his driving privileges. Zambrano explains he is a culinary art graduate and makes his living by working for a catering company, Catering With a Cause. Zambrano argues that revocation of his license imposes a hardship on his work, which requires late night or early morning hours at locations across the Bay Area, making it difficult to get to and from work by public transportation and, thus, difficult to fulfill his child support and

4

restitution obligations. Zambrano suggests the trial court could give him a restrictive license to allow him to get to work and return home.

We find nothing in the record that indicates arguable error in the revocation of Zambrano's driver's license pursuant to Vehicle Code section 13357, which directs the DMV to "suspend or revoke the privilege to operate a motor vehicle of any person who has been found guilty of a violation of [Vehicle Code] Section 10851" upon recommendation of the trial court. Zambrano pleaded no contest in case No. F1554733 to vehicle theft with a prior conviction (Veh. Code, § 10851, subd. (a)). The plea form for case No. F1554733 reflects that Zambrano initialed the paragraph advising him that loss of his driver's license was a possible consequence of his plea. He also signed the "Defendant's Statement and Plea," which states: "I have read this form (or this form was read to me) and I have initialed each of the items that applies to my case. By putting my initials on this form, I am indicating I understand and agree with what is stated in each item I have initialed." Further, Zambrano's trial attorney, Phong Do, signed the attorney's statement verifying that he had "explained to the defendant each of the items on the form," including "the consequences of the plea and admissions . . . ." The probation report, paragraph 13, recommended revocation of Zambrano's driver's license pursuant to Vehicle Code section 13357 in case No. F1554733. At the time of sentencing, the judge stated, "The next time I talk to the Department of Motor Vehicles, I'm going to recommend that they revoke your license pursuant to the law." Neither Zambrano nor Attorney Do objected. "It is settled that failure to object and make an offer of proof at the sentencing hearing concerning alleged errors or omissions in the probation report waives the claim on appeal. [Citations.] No different rule should . . . apply to probation conditions under consideration at the same time." (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) Accordingly, we find no arguable issue on this record. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

5

## B. PETITION FOR WRIT OF HABEAS CORPUS

Zambrano's petition raises ineffective assistance of counsel during the sentencing hearing as the sole basis for challenging the judgment. Zambrano contends his conviction in case No. F1554733 is unlawful on this ground, because his attorney failed to object to the trial court's discretionary decision to recommend license revocation even though Zambrano's attorney knew that he wanted to object, and the resulting condition to Zambrano's probation is inherently prejudicial.

It is the petitioner's burden on application for habeas corpus to state fully and with particularity the facts on which relief is sought and to include copies of reasonably available documentary evidence supporting the claim. (*People v. Duvall* (1995) 9 Cal.4th 464, 474.) Here, Zambrano offers three declarations in support of his petition: (1) Zambrano's declaration explaining his plea and the hardship imposed by revocation of his license; (2) the declaration of his trial attorney, Phong Do, stating why he did not object to the revocation condition; and (3) the declaration of his former work supervisor, Juan A. Yanez, describing Zambrano's work responsibilities. Zambrano contends these declarations demonstrate two key facts in support of the petition. The first is that Attorney Do knew Zambrano wanted to object to the license revocation yet failed to do so at sentencing. The second is that Zambrano held steady employment in the catering industry for several years and needs to be able to drive to and from work in order to pay restitution and child support. We find the supporting declarations establish that Zambrano was concerned about the license recommendation in the probation report but told Attorney Do that he wanted to go forward with the sentencing. Thus, we conclude that Attorney Do's failure to object to the condition appears to have been a reasonable tactical decision at the time based on his client's desire to resolve the case, and that even if trial counsel erred in failing to object to the probation condition, Zambrano has not demonstrated prejudice as a result.

6

Criminal defendants are constitutionally entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution. (*People v. Ledesma* (1987) 43 Cal.3d 171, 215.) California courts have defined *effective* assistance as " 'the reasonably competent assistance of an attorney acting as [the defendant's] diligent conscientious advocate.' " (*Ibid.*) This right extends to the criminal sentencing stage, whereby "a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351, citing *People v. Cotton* (1991) 230 Cal.App.3d 1072, 1085-1087; *People v. Cropper* (1979) 89 Cal.App.3d 716, 719-721.)

The standard of review for an ineffective assistance of counsel claim is well settled. "To prevail on a claim of ineffective assistance of counsel, a defendant ' "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice." ' [Citation.] A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 689.) Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts. (*Id.* at p. 690.) To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266.) Moreover, prejudice must be affirmatively proved; the record must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome.' (*Strickland v. Washington*, *supra,* 466 U.S. at p. 694.)" (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

The appellate record before us does not reveal why Attorney Do failed to object to the recommendation in the probation report, which the trial court adopted, nor does it indicate that counsel was ever asked for an explanation. We thus turn to the extra-record evidence provided with the habeas petition. (*People v. Mendoza Tello*, *supra*, 15 Cal.4th at pp. 266-267 [ineffective assistance of counsel claim is more appropriately decided in habeas proceeding when appellate record sheds no light on the challenged act or omission].) Zambrano's declaration states that he filled out the plea form in case No. F1554733 and initialed paragraph 32 regarding the potential loss of his license, but that his trial attorney did not explain the term of probation to him when he was filling out the form. He did not object to the condition when the judge announced it at sentencing. His petition alleges that by filing the notice of appeal and obtaining a certificate of probable cause, Zambrano evidenced his desire had been to object to the condition. Zambrano's declaration expands on the statements in his certificate of probable cause, explaining that he worked a variety of cook, bartender, and service positions for two companies, Party Staff and Catering With a Cause, and that both jobs required travel to events that sometimes would last until midnight at locations throughout the Bay Area region. Zambrano states that the jobs required the employees "to drive food and ourselves to events." Because of the late hours and his residence in Gilroy, which is far from the event locations, Zambrano states that if he cannot drive, he will not be able to work many jobs, as public transit does not run at those hours and takes substantially more time. Zambrano ultimately states that "I wanted my lawyer to object to the license suspension. I want to be able to pay my restitution and my child support, and without being able to get to my jobs, I will not earn enough to be able to do that."

Yanez supervised Zambrano's work at Catering With a Cause. The Yanez declaration describes the positive impact of Catering With a Cause on individuals and the

8

community through its job training and job creation efforts. Yanez states that Zambrano was a good employee and worked at catering jobs all over the Bay Area between 2011 and 2014, which sometimes would begin very early in the morning and end very late at night.

Attorney Do's declaration states in relevant part: "I remember that Mr. Zambrano wanted to resolve the case to avoid any additional charges. He pled to a case involving auto-theft, so I would have discussed license revocation with him. I remember going over the probation recommendations with him at the time of sentencing. Mr. Zambrano was not happy with the license revocation issue. I advised him that we could object, but he wanted to proceed with the sentencing. I believe he did not want to do anything that might jeopardize the plea. [¶] In accordance with Mr. Zambrano's wish to proceed with the sentencing and to not jeopardize his plea agreement, I did not object to the license revocation at Mr. Zambrano's sentencing."

It is petitioner's burden to show "that the omission was not attributable to a tactical decision which a reasonably competent, experienced criminal defense attorney would make." (*In re Sixto* (1989) 48 Cal.3d 1247, 1257.) Zambrano argues the failure to object may not be attributed to a reasonable tactical decision because the recommendation to the DMV was discretionary, and to lodge an objection would not have interfered with the sentencing or plea agreement. Zambrano urges that deference to counsel's tactical choices " ' "is not abdication" [citation]; it must never be used to insulate counsel's performance from meaningful scrutiny and thereby automatically validate challenged acts or omissions.' " (*In re Cordero* (1988) 46 Cal.3d 161, 180, quoting *People v. Ledesma*, *supra*, 43 Cal.3d at p. 217.) Zambrano suggests that competent counsel "would have advocated for non-suspension and presented testimony from petitioner and others about why this license revocation was not in the best interest of probation or the client," such as due to the fact that without a license, Zambrano would be unable to earn his livelihood and be more likely to reoffend. Zambrano further

9

suggests that it would have required only minor effort by counsel to have "offered the court evidence" similar to the statements in Zambrano's certificate of probable cause as to why a proper exercise of discretion would have been to forego the suspension.

We agree that the trial court had discretion whether to impose the condition and could have elected not to make the recommendation, because Vehicle Code section 13357 directs the DMV to suspend or revoke the license "[u]pon the recommendation of the court." But we do not agree that counsel's failure to object constituted deficient performance under the circumstances. Taken together, the Zambrano and Do declarations establish that if Zambrano did not understand paragraph 32 of the plea form when he initialed it, by the time of sentencing, Attorney Do had reviewed the probation report with him and was aware that Zambrano "was not happy with the license revocation issue." There is no evidence that Attorney Do "fail[ed] to adequately understand the available sentencing alternatives [or] promote their proper application . . . ." (*People v. Scott*, *supra*, 9 Cal.4th at p. 351.) To the contrary, he informed Zambrano that they could object to the condition, and Zambrano indicated that he wanted to go forward. Zambrano does not dispute this statement in either his petition or declaration. We therefore do not find this to be a circumstance in which the failure to "pursue the most advantageous disposition" (*ibid*.) for the client stemmed from incompetency, but rather from a conflict in the client's expressed priorities.

To the extent that Zambrano's trial counsel reasonably understood that Zambrano wished to go forward with the sentencing, counsel made a rational tactical decision to forgo the objection in order to proceed and resolve the case for his client. To introduce the facts and testimony necessary to argue against the trial court recommending revocation of Zambrano's driver's license, as Zambrano now argues his counsel should have done, would have required some form of evidentiary hearing, which could not have taken place consistent with Zambrano's apparent desire to get the sentencing process over and done. Accordingly, we disagree that the failure to object constituted deficient

10

performance below an objective standard of reasonableness, based on all the facts available to counsel at the time. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 689-690.) Counsel's decision not to object appears to have been based on his client's indication to proceed with the sentencing, as well as his client's general desire to see the case resolved without delay or distraction.

We also find that Zambrano's ineffective assistance of counsel claim fails based on an inability to establish prejudice. Zambrano cannot affirmatively "demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (*People v. Maury*, *supra*, 30 Cal.4th at p. 389, quoting *Strickland v. Washington*, *supra*, 466 U.S. at p. 694.) Zambrano cites *Glover v. United States* (2001) 531 U.S. 198, 200 (*Glover*) for the proposition that prejudice at the sentencing stage may be established by even a small increase in a defendant's sentence. Indeed, the United States Supreme Court in *Glover* confirmed that if an alleged error in the sentencing determination resulted in an increased prison term of between six and 21 months, such increase would be prejudicial under the *Strickland* analysis. (*Ibid.*) The court explained that in most cases, trying to determine whether the increase in sentence is "significant" is inappropriate and " 'do[es] not justify a departure from a straightforward application of *Strickland* when the ineffectiveness of counsel *does* deprive the defendant of a substantive or procedural right to which the law entitles him.' " (*Id.* at p. 203, quoting *Williams v. Taylor* (2000) 529 U.S. 362, 393.) Even accepting for purposes of this habeas corpus petition that revocation of the driving privilege constitutes a deprivation of a substantive right within the meaning of *Glover* would not resolve the prejudice issue for Zambrano. As the court in *Glover* was careful to point out, *Glover* involved "the sentencing calculation itself" based on determinate sentencing guidelines which, if calculated in error "would have been correctable on appeal," as opposed to the type of discretionary determination at issue here, whereby

11

"trial strategies, in retrospect, might be criticized for leading to a harsher sentence." (*Glover*, *supra*, at p. 204.)

We are not persuaded that the trial court would have exercised its discretion differently—by at least a reasonable probability—if trial counsel had presented evidence of Zambrano's job credentials and transportation needs in order to work and pay child support and restitution. Zambrano contends that by granting his certificate of probable cause, the trial court not only found his claim was neither frivolous nor vexatious, but that the failure to object to the probation condition was an argument the trial judge may have considered if counsel had presented it. We decline to impute any meaning to the trial judge's decision to execute and file the certificate of probable cause beyond that which is consistent with the well-settled purpose of Penal Code section 1237.5, which is "to promote judicial economy by screening out wholly frivolous appeals prior to the commitment of economic and legal resources to such matters." (*In re Chavez* (2003) 30 Cal.4th 643, 653; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.) Given that "[t]he trial court <u>must</u> issue the certificate if the defendant's statement under section 1237.5 presents 'any cognizable issue for appeal which is not *clearly* frivolous and vexatious . . . .' " (*People v. Johnson* (2009) 47 Cal.4th 668, 676, underscore added), it would be improper to interpret issuance of the certificate as a sign of prejudice for purposes of an ineffective assistance of counsel analysis.

Although we have no means of measuring the precise impact that an objection to the probation report and trial court's recommendation regarding license revocation may have had, we do not find the evidence presented here to be sufficiently compelling in light of Zambrano's vehicle theft with a prior vehicle theft felony conviction (Veh. Code, § 10851, subd. (a), Pen. Code, § 666.5, subd. (a)). We conclude that the failure to object to the driver's license revocation recommendation, and any related evidence that might have been raised in support of that objection, was not " 'sufficient to undermine confidence in' " the trial court's decision to impose that condition consistent with its

12

discretion under Vehicle Code section 13357.  (*People v. Maury*, *supra*, 30 Cal.4th at p. 389; *Strickland v. Washington*, *supra*, 466 U.S. at p. 694.)

### III.  DISPOSITION

The judgment is affirmed.  The petition for writ of habeas corpus is denied.

_____
                        Premo, J.

WE CONCUR:



_____
            Rushing, P.J.



_____
            Márquez, J.



People v. Zambrano; Zambrano on Habeas Corpus
H042492; H043282