Filed 9/25/20  P. v. Meyers CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EMIL ZACHARY MEYERS,<br><br>    Defendant and Appellant. | A157866<br><br>(Napa County Super. Ct.<br>No. CR185347) |

In February 2018, a jury convicted appellant Emil Zachary Meyers (Appellant) of assault with a deadly weapon (Pen. Code, § 245, sub. (a)(1))[1] and corporal injury to a dating partner (§ 273.5, subd. (a)), and found true great bodily injury enhancements (§ 12022.7, subd. (e)).  The charges were based on an October 2017 incident during which Appellant threw a beer bottle at his girlfriend and hit her in the head.  Appellant claimed he threw the bottle at the ground and the victim was hit by accident.

In April 2018, defense counsel declared doubt as to Appellant's competency, and Appellant was ordered committed to Napa State Hospital in July.  In March 2019, criminal proceedings were reinstated; in June, the trial court sentenced Appellant to seven years in prison.

---

[1] All undesignated statutory references are to the Penal Code.

1

On appeal, Appellant contends this matter should be remanded for a hearing to determine his eligibility for mental health diversion under section 1001.36.  Enacted in June 2018, section 1001.36 (along with section 1001.35) "created a pretrial diversion program for certain defendants with mental health disorders.  (Stats. 2018, ch. 34, § 24.)" (*People v. Frahs* (2020) 9 Cal.5th 618, 624 (*Frahs*).)  Section 1001.36 sets forth six findings required before a court may grant pretrial diversion: (1) the defendant suffers from a mental disorder recognized in the Diagnostic and Statistical Manual of Mental Disorders; (2) the mental disorder "was a significant factor in the commission of the charged offense;" (3) "the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment;" (4) the defendant consents to diversion and waives speedy trial rights; (5) the defendant agrees to comply with treatment; and (6) "the defendant will not pose an unreasonable risk of danger to public safety . . . if treated in the community."  (§ 1001.36, subd. (b)(l)(A)-(F).)

If the defendant "perform[s] satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion."  (§ 1001.36, subd. (e).)  In *Frahs*, the California Supreme Court held section 1001.36 is retroactive to cases in which the judgment is not yet final.  (*Frahs*, *supra*, 9 Cal. 5th at pp. 624, 630–631.)

Appellant points out he has been diagnosed with bipolar and substance abuse disorders and was found not competent after trial.  Appellant effectively concedes defense counsel below forfeited his right to seek diversion under section 1001.36 by failing to file a motion for diversion at or before his sentencing hearing in June 2019.  But Appellant argues this court should

nevertheless remand for consideration of diversion because his counsel's failure to move for diversion was ineffective assistance of counsel.

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms.  Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009 (*Mai*).)  "It is [Appellant's] burden to demonstrate the inadequacy of trial counsel." (*People v. Lucas* (1995) 12 Cal.4th 415, 436.)  "It is particularly difficult to prevail on an appellate claim of ineffective assistance.  On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation.  All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai*, at p. 1009.)

Appellant argues "a reasonably competent attorney would have requested a hearing to determine [A]ppellant's eligibility for mental health diversion" because there was evidence Appellant suffered from a qualifying condition and because, had Appellant been found eligible for diversion, "he would have had the opportunity to avoid being sentenced to prison for seven years."  Appellant also points out, "At sentencing, defense counsel requested probation be granted so that [A]ppellant 'could be set up in our mental health court system,' noting that 'mental health treatment is far more available than it has ever been before.' "  Appellant relies on the proposition that "a defense attorney who fails to adequately understand the available sentencing

3

alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

Nevertheless, as respondent argues, "the record is silent as to why defense counsel did not pursue pretrial diversion before the trial court." We agree with Appellant that the record shows counsel believed Appellant would benefit from mental health treatment. But the record does not show there "could be no satisfactory explanation" for counsel not to seek diversion under section 1001.36. (*Mai*, *supra*, 57 Cal.4th at p. 1009.) It is certainly possible (and may even be probable) that defense counsel was unaware of the recent enactment and failed to discuss the option with Appellant. But it is also possible that counsel conferred with Appellant and that Appellant hoped to receive probation and did not want to pursue diversion. (See *Strickland v. Washington* (1984) 466 U.S. 668, 691 ["Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."]; cf. *People v. Cotton* (1991) 230 Cal.App.3d 1072, 1085 [declarations supported habeas corpus petition contending trial counsel was ineffective for failing to assist in obtaining admission to a residential drug treatment program].)

Appellant has not shown ineffective assistance of counsel.

DISPOSITION

The trial court's judgment is affirmed.

4

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.

(A157866)